UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN RODRIGUES MACEDO,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, *et al.*,<br><br>Respondents. | Case No.:  26-cv-2544-JO-MSB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS [DKT. 1]** |

On May 21, 2026, the Court held oral argument on Petitioner Kevin Rodrigues Macedo's habeas petition challenging his detention as a violation of due process.  For the reasons stated on the record at oral argument and below, the Court GRANTS the habeas petition [Dkt. 1].

1. For the reasons stated in *Pacheco v. LaRose*, 818 F.Supp.3d 1168, 1174–75 (S.D. Cal. 2026), the Court finds that 8 U.S.C. §§ 1252(g), (a)(5), and (b)(9) do not bar Petitioner's collateral challenge to the constitutionality and legality of his current detention.

2. For the reasons stated in *Pacheco*, 818 F.Supp.3d at 1175–78, Petitioner is subject to the discretionary detention framework of § 1226, not § 1225(b)(2),

because he was already residing in the United States at the time of his arrest. The termination of Petitioner's humanitarian parole status does not alter the fact that Petitioner has been living in this country for over two years and is therefore entitled to an individualized custody determination under § 1226.

3. The Court further finds that the government violated Petitioner's Fifth Amendment due process rights by revoking his release without an individualized determination of flight risk or danger to the public. *Mathews v. Elridge*, 424 U.S. 319, 321 (1976) (due process analysis considers (1) "the private interest that will be affected by the [government] action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional procedural safeguards"; and (3) "the Government's interest, including the fiscal and administrative burdens that the additional or substitute procedures would entail"). Petitioner acquired a protectable liberty interest when the government previously granted his release on September 22, 2023. *See Morrissey v. Brewer*, 408 U.S. 471, 482 (1972) (grant of liberty carries an "implicit promise" that liberty will be revoked only for violation of release conditions). The government deprived Petitioner of his liberty interest upon the expiration of his humanitarian parole status without an individualized determination as to his flight risk or danger to the public. The absence of any individualized determination significantly risked erroneously depriving Petitioner of his liberty interest, and the government has offered no evidence that the burdens of providing such process would outweigh this substantial liberty interest. Therefore, the Court finds that Petitioner has been subjected to unconstitutional detention and grants his habeas petition requesting immediate release.

4. Because Petitioner is entitled to a bond hearing to justify his detention pursuant to § 1226, the Court further enjoins Respondents from redetaining Petitioner without first providing a bond hearing before an immigration judge to justify a

26-cv-2544-JO-MSB

deprivation of his liberty interest. *See, e.g.*, *Aceros v. Kaiser*, No. 25-CV-06924-EMC (EMC), 2025 WL 2637503, at *12 (N.D. Cal. Sept. 12, 2025); *Valencia Zapata v. Kaiser*, 801 F. Supp. 3d 919, 938 (N.D. Cal. 2025); *O.G. v. Albarran*, No. 1:26-CV-00010-TLN-DMC, 2026 WL 19105, at *5 (E.D. Cal. Jan. 3, 2026). While § 1226 allows the government to hold a noncitizen in custody while it decides whether to initially grant release, a pre-deprivation hearing is the more appropriate remedy for individuals like Petitioner who already enjoy a liberty interest. In order to prevent an erroneous deprivation of that existing liberty interest and satisfy due process requirements, this hearing must take place prior to any detention. *See Boumediene v. Bush*, 553 U.S. 723, 779-80 (2008) (while habeas relief commonly includes release from physical imprisonment, "depending on the circumstances, more [relief] may be required"); *Rodriguez v. Hayes*, 591 F.3d 1105, 1117 (9th Cir. 2010) (holding that petitioner's release—revocable at the government's discretion—did not provide complete relief where petitioner sought a legal ruling that he could only be redetained upon a bond hearing); *Clark v. Martinez*, 543 U.S. 371, 376 n.3 (2005) (despite release, petitioner's habeas claim challenging the statutory authority for his detention "continue[d] to present a live case or controversy" because the court could provide relief to prevent redetention on the same allegedly unlawful basis).

For the reasons stated above and at oral argument, the Court ORDERS as follows:

1. Respondents shall RELEASE Petitioner by 5 p.m. on May 22, 2026. Respondents shall file an affidavit attesting to Petitioner's release by 5 p.m. on the following business day.

2. The Court ENJOINS Respondents from redetaining Petitioner during the pendency of his removal proceedings without first providing an individualized bond hearing before a neutral immigration judge where the government bears the burden of proving by clear and convincing evidence that Petitioner is a danger to

26-cv-2544-JO-MSB

the community or such a flight risk that no amount of bond or alternative conditions of release "would suffice to ensure his future appearance." *Hernandez v. Sessions*, 872 F.3d 976, 983 (9th Cir. 2017); *see id.* at 990–91 n.18; *see also Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011). In setting the amount of bond, the immigration judge must consider Petitioner's financial circumstances and alternative conditions of release as set forth in *Hernandez*, 872 F.3d at 990–91. The immigration judge shall not deny bond on the basis that (i) 8 U.S.C. § 1225(b) requires or authorizes mandatory detention; or (ii) Board of Immigration Appeals precedent deprives the immigration judge of jurisdiction to decide bond. <u>The bond hearing shall be transcribed</u>.

3. Respondents shall file a declaration attesting to full compliance with these obligations. Respondents are ENJOINED from redetaining Petitioner **until 48 hours after** filing the declaration.

4. The Clerk of the Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: May 21, 2026

_____
Honorable Jinsook Ohta
United States District Judge

26-cv-2544-JO-MSB